

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*401 Market Street, 4th Floor*      856-757-5026
*Camden, New Jersey 08101*

JBB/PL AGR
2024R00956

June 23, 2025

Michele Finizio, Esq.
Law Offices of Michele Finizio
9 E. Main St.
Moorestown, NJ 08057
michele@criminalcourtnj.com

    Re:    <u>Plea Agreement with Denise Davis</u>

Dear Ms. Finizio:

    This letter sets forth the plea agreement between your client, Denise Davis, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on July 7, 2025, if it is not accepted in writing by that date. If Denise Davis does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Denise Davis to an Information charging her with conspiring to defraud the United States, in violation of 18 U.S.C. § 371. If Denise Davis enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges in connection with (a) her role in failing to collect, account for, and pay over to the Internal Revenue Service the employment taxes for the employees of Davis Brothers Chimney Sweep & Masonry for the first quarter of 2018 through the first quarter of 2024, or conspiring to do the same; and (b) her filing of false joint individual income tax returns for 2018 through 2023 that omitted income from Davis Brothers Chimney Sweep & Masonry. Denise Davis agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

    But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate

any other charges against Denise Davis even if the applicable statute of limitations period for those charges expires after Denise Davis signs this agreement, and Denise Davis agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 to which Denise Davis agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Denise Davis is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Denise Davis ultimately will receive.

Further, in addition to imposing any other penalty on Denise Davis, the sentencing judge as part of the sentence:

(1)  will order Denise Davis to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  may order Denise Davis to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and

(3)  pursuant to 18 U.S.C. § 3583, may require Denise Davis to serve a term of release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Denise Davis be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Denise Davis may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Denise Davis agrees to pay restitution to the Internal Revenue Service ("IRS") in an amount of $1,181,059.81, the full criminal tax loss resulting from the offense of conviction and its relevant conduct, which includes the unpaid payroll taxes of Davis Brothers Chimney Sweep & Masonry and Denise Davis's unpaid individual income taxes, as follows:

|      | Individual Income Taxes | Payroll Taxes | | Total |
|------|-------------------------|---------------|---------------|-------|
|      |                         | From Unreported Wages | From Reported Wages | |
| 2018 | n/a                     | $117,648.88   | $10,641.86    | $128,290.74 |
| 2019 | $6,120.00               | $151,350.12   | $17,387.72    | $174,857.84 |
| 2020 | $26,212.00              | $156,801.00   | $9,525.49     | $192,538.49 |
| 2021 | $42,292.00              | $140,359.16   | $30,746.78    | $213,397.94 |
| 2022 | $40,857.00              | $134,148.36   | $43,394.80    | $218,400.16 |
| 2023 | $80,768.00              | $122,302.24   | $50,504.40    | $253,574.64 |
| Total | $196,249.00            | $822,609.76   | $162,201.05   | $1,181,059.81 |

The restitution amount shall be paid according to a plan established by the Court. The Court will order Denise Davis to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release. The IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Denise Davis does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Denise Davis's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Denise Davis by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Denise Davis's activities and relevant conduct with respect to this case.

Stipulations

       This Office and Denise Davis will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

       This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

       If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

       As set forth in Schedule A and the paragraph below, this Office and Denise Davis waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

       Denise Davis understands that, if Denise Davis is not a citizen of the United States, Denise Davis's guilty plea to the charged offense will likely result in Denise Davis being subject to immigration proceedings and removed from the United States by making Denise Davis deportable, excludable, or inadmissible, or ending Denise Davis's naturalization. Denise Davis understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Denise Davis wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Denise Davis's removal from the United States. Denise Davis understands that Denise Davis is bound by this guilty plea regardless of any immigration consequences. Accordingly, Denise Davis waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Denise Davis also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack

challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Denise Davis. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

Prior to the date of sentencing, Denise Davis shall fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Denise Davis agrees to allow the contents of her IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Denise Davis. With respect to disclosure of the criminal file to the Internal Revenue Service, Denise Davis waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Denise Davis's tax returns and return information.

Furthermore, Denise Davis agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2018 through 2023 or for any other amounts paid in accordance with this agreement. Denise Davis agrees that the provisions set forth in this agreement concerning her tax obligations are appropriate conditions of Probation or Supervised Release.

No provision of this agreement shall preclude Denise Davis from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Denise Davis and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: */s/Jeffrey B. Bender*
Jeffrey B. Bender
Assistant U.S. Attorney

APPROVED:

_____
Jason M. Richardson
Attorney-in-Charge, Camden

   I have received this letter from my attorney, Michele Finizio, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 7/23/2025
Denise Davis

   I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 7/23/25
Michele Finizio, Esq.
Counsel for Defendant

<u>Plea Agreement With Denise Davis</u>
<u>Schedule A</u>

1. This Office and Denise Davis recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

3. The applicable guideline is U.S.S.G. § 2X1.1. The Base Offense Level comes from the base offense level from the guideline for the substantive offense, as set forth in the following paragraph, and no specific offense characteristics from U.S.S.G. § 2X1.1(b) apply.

4. The applicable guideline for the substantive offense is U.S.S.G. §§ 2T1.6 and 2T4.1. The parties agree that the tax loss is approximately $1,181,059.81, which is between $550,000 and $1,500,000, so the base offense level is 20. U.S.S.G. §§ 2T1.6(a) and 2T4.1(H).

5. Denise Davis reserves the right to argue under U.S.S.G. § 3B1.2(b) that she was a minor participant in the criminal activity, and as a result, the offense level should decrease by two levels. The Government reserves the right to oppose any adjustment under U.S.S.G. § 3B1.2.

6. As of the date of this letter, Denise Davis has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Denise Davis's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Denise Davis has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Denise Davis's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Denise Davis enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Denise Davis's acceptance of responsibility has continued through the date of sentencing and Denise Davis therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Denise Davis's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. If Denise Davis establishes at sentencing that she both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, she will be entitled to a further two-level reduction in her offense level.

9. Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issues noted above, the total offense level ("Total Offense Level") applicable to Denise Davis is:

    (a) 17, if none of the below-lettered subsections in this paragraph apply;

    (b) 15, if Denise Davis meets the criteria in U.S.S.G. § 4C1.1 because Denise Davis would deserve a 2-level reduction under that provision;

    (c) 15, if the Court determines under U.S.S.G. § 3B1.2(b) that Denise Davis was a minor participant in the criminal activity.

    (d) 13, if both paragraph 9(b) and 9(c) apply.

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, Denise Davis will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 24 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a) Any proceeding to revoke the term of supervised release.

 (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

 (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).